**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

RICHARD PINKARD and ALISA
MARIE NEUGENT,

　　Defendants-Appellants.

No. 96-6353
(D.C. No. CR-96-116-C)
(W. Dist. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY,** Circuit Judges.

　　After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

　　Richard Pinkard and Alisa Marie Neugent were charged with possession with intent to distribute approximately 370 grams of methamphetamine in violation of 21 U.S.C. §841(a)(1).  After the district court denied their motion to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

suppress evidence, defendants each pled guilty while reserving the right to appeal the denial of their motion. On appeal, defendants contend police officers did not have probable cause to detain or search them. We affirm.

When reviewing the grant of a motion to suppress, we accept the trial court's findings of fact unless clearly erroneous. See United States v. Morales-Zamora, 914 F.2d 200, 202 (10th Cir. 1990). The determination of reasonableness under the Fourth Amendment is a conclusion of law that we review de novo. Id.

Officer Bo Leach received information from the Drug Enforcement Agency (DEA) that two people traveling together from California to Oklahoma had purchased one-way tickets with cash. Upon arriving at the airport, Officer Leach and Sergeant Ramos observed defendants as the only couple on the plane who appeared to be traveling together and subsequently followed them to the baggage claim area. Meanwhile, other agents observed while a trained dog sniffed the luggage from defendants' flight. When the dog failed to alert, the bags were transported to the public baggage claim area.

After watching defendants retrieve their luggage, Officer Leach and Sergeant Kim, dressed in street clothing with their weapons concealed, approached them and requested permission to speak with them. Defendants consented. Prior to questioning defendants, Officer Leach told them they were

free to leave. Defendants placed a maroon carry-on bag on the floor and gave permission for the officers to search all their luggage. The officers did not locate any illegal drugs during their physical search of the bags, but Officer Leach observed a bulge below Mr. Pinkard's waist band and requested permission to search defendants' clothing. Both defendants refused the request.

Although the exact sequence of these events is not clear from the district court's findings, it is uncontested that at some point during his questioning of defendants, Officer Leach motioned for Agent Roberts to bring the drug dog over to sniff defendants' luggage, apparently with defendants' consent.[1] The dog alerted to the odor of illegal drugs when she encountered the maroon carry-on bag. Immediately thereafter, the dog alerted to a stronger scent, went to the front of Mr. Pinkard, and sat down at his feet without touching him in what is known as a "passive alert." As Mr. Pinkard backed away, Officer Leach placed one of his hands on the bulge he had observed near Mr. Pinkard's waist band, and the other hand on Mr. Pinkard's shoulder. Officer Leach felt two separate bundles which were later determined to contain methamphetamine. He asked Ms. Neugent if she

---

[1]Although the district court did not specifically find that Mr. Pinkard consented to a dog sniff of his luggage, Mr. Pinkard testified that Officer Leach asked him if the dog could sniff his luggage and that he consented. Pl.'s Supp. App. at 82.

was in possession of the same items and she nodded affirmatively. Both defendants were taken into custody.

We agree with the district court that Officer Leach's questioning of defendants and his subsequent search of Mr. Pinkard's person did not violate the Fourth Amendment. Because Officer Leach informed defendants they were free to leave and obtained their consent to search, the officers' questioning of defendants and search of their luggage was a consensual encounter that neither implicates the Fourth Amendment nor requires probable cause. See Florida v. Bostick, 501 U.S. 429, 434-35 (1991); United States v. Davis, 94 F.3d 1465, 1468 (10th Cir. 1996). Moreover, it is well established that a canine sniff of the air surrounding luggage located in a public airport is not a "search" within the meaning of the Fourth Amendment and therefore does not require consent. See United States v. Place, 462 U.S. 696, 707 (1983); see also United States v. Ludwig, 10 F.3d 1523, 1527 (10th Cir. 1993) (canine sniff of vehicle parked in motel lot not a search); Morales-Zamora, 914 F.2d at 203 (dog sniff of vehicle lawfully detained by police not a search).

Regardless of the exact chronology of events leading to Officer Leach's search of Mr. Pinkard's person, defendants did not testify and the district court did not find that they attempted to leave or that they at any time revoked their permission for the officers to search their luggage. The district court found that

the dog's alert to Mr. Pinkard's person occurred almost immediately following her alert to the maroon bag.

A positive alert by a dog trained to detect the presence of illegal drugs constitutes probable cause to make an arrest. See United States v. Klinginsmith, 25 F.3d 1507, 1510 (10th Cir. 1994) (when dog alerted to vehicle there was probable cause to arrest occupants); United States v. Williams, 726 F.2d 661, 663 (10th Cir. 1984) (dog's detection of contraband in luggage establishes probable cause to make arrest); see also United States v. Waltzer, 682 F.2d 370, 372-73 (2d Cir. 1982). The existence of probable cause to make an arrest clearly encompasses the authority for a pat-down search. See Williams, 726 F.2d at 663. Accordingly, when the drug dog alerted to the maroon bag, probable cause to search defendants existed independent of the dog's positive alert to Mr. Pinkard's person, the constitutionality of which we need not decide here.

We **AFFIRM** the district court's order denying defendants' motion to suppress.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-5-